ROBERTO ANGUIZOLA
ranguizola@ftc.gov
TRACEY THOMAS
tthomas@ftc.gov
DOTAN WEINMAN
dweinman@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, NW, H-286
Washington, DC 20580
202-326-3284 (Anguizola)
202-326-2704 (Thomas)
202-326-3049 (Weinman)
202-326-3395 (Fax)

BLAINE T. WELSH
blaine.welsh@usdoj.gov
Assistant United States Attorney
Nevada Bar No. 4790
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, NV 89101
702-388-6336
702-388-6787 (Fax)

Attorneys for Plaintiff Federal Trade Commission

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) Case No. 2:09-CV-01349-PMP-RJJ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GRANT CONNECT, LLC, et. al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

### STIPULATED FINAL JUDGMENT AND ORDER FOR
### PERMANENT INJUNCTION AND MONETARY RELIEF
### AS TO DEFENDANT JOHNNIE SMITH

1



Plaintiff Federal Trade Commission ("FTC") and Defendant Johnnie Smith ("Smith"), having agreed to entry of this Order, hereby request that the Court enter this Order to resolve all matters in dispute between them in this action.

**IT IS THEREFORE AGREED AND ORDERED** as follows:

**FINDINGS**

1.      This Court has jurisdiction over the subject matter of this case and there is good cause to believe it has jurisdiction over Smith;

2.      Venue is proper in this District under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) and (c);

3.      The activities alleged in the Amended Complaint For Permanent Injunction and Other Equitable Relief ("Amended Complaint") [D.E. 112] are in or affecting commerce as that term is defined in Section 4 of the FTC Act, 15 U.S.C. § 44;

4.      The Amended Complaint states a claim upon which relief may be granted under Sections 5(a), 12 and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a), 52 & 53(b), Sections 907(a) and 917(c) of the Electronic Fund Transfer Act, 15 U.S.C. §§ 1693e(a) &1693o(c), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b);

5.      Smith has entered into this Order freely and without coercion.  Smith further acknowledges that he has read the provisions of this Order and is prepared to abide by them;

6.      This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law;

7.      Smith waives all rights to seek appellate review or otherwise challenge or contest the validity of this Order.  Smith further waives and releases any claim he may have against the Commission, its employees, representatives or agents;

8.      Smith agrees that this Order does not entitle him to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, amended by

2



1   Pub. L. 104-121, 110 Stat. 847, 863-64 (1996), and he further waives any rights to attorneys'

2   fees that may arise under said provision of law; and

3        9.     Entry of this Order is in the public interest.

4   **DEFINITIONS**

5       For purposes of this Order, the following definitions shall apply:

6        1.     "**And**" and "**or**" shall be understood to have both conjunctive and disjunctive

7   meanings.

8        2.     "**Asset**" means any legal or equitable interest in, right to, or claim to, any real,

9   personal, or intellectual property including, but not limited to, chattel, goods, instruments,

10  equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries,

11  shares or stock, securities, inventory, checks, notes, accounts, credits, receivables (as those terms

12  are defined in the Uniform Commercial Code), lists of consumer names, accounts, credits,

13  premises, receivables, cash, trusts, including but not limited to asset protection trusts, and reserve

14  funds or other accounts associated with any payments processed on behalf of any Defendant,

15  including, but not limited to, such reserve funds held by a payment processor, credit card

16  processor, or bank.

17       3.     "**Assisting others**" means:  (a) performing customer service functions, including

18  receiving or responding to consumer complaints; (b) formulating or providing, or arranging for

19  the formulation or provision of, any marketing material, including sales scripts; (c) providing

20  names of, or assisting in the generation of, potential customers; (d) performing marketing or

21  billing services of any kind, including but not limited to, creating, hosting, or maintaining

22  websites, or recruiting affiliates; (e) providing customer relationship management services or

23  products; (f) providing accounting or financial management services; or (g) processing credit and

24  debit card payments.

25       4.     "**Charge**" means any amount charged or debited to a consumer's credit card,

3



1  debit card, checking, savings, share or similar financial account, or collected from a consumer by
2  any other method.
3       5.     **"Continuity program"** means any plan, arrangement, or system under which a
4  consumer is periodically charged to maintain a service or periodically receive products,
5  including access to a "member only" website, without prior notification by the seller before each
6  charge to allow the consumer to cancel without incurring charges;
7       6.     **"Dietary supplement"** means: (a) any product labeled as a dietary supplement or
8  otherwise represented as a dietary supplement; or (b) any pill, tablet, capsule, powder, softgel,
9  gelcap, liquid, or other similar form containing one or more ingredients that are a vitamin,
10 mineral, herb or other botanical, amino acid, probiotic, or other dietary substance for use by
11 humans to supplement the diet by increasing the total dietary intake, or a concentrate, metabolite,
12 constituent, extract, or combination of any ingredient described above, that is intended to be
13 ingested, and is not represented to be used as a conventional food or as a sole item of a meal or
14 diet.
15      7.     **"Document"** has the meaning set forth in Federal Rule of Civil Procedure 34(a),
16 and includes writings, drawings, graphs, charts, Internet sites, webpages, websites, electronic
17 correspondence, including e-mail and instant messages, photographs, audio and video
18 recordings, contracts, accounting data, advertisements (including, but not limited to,
19 advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET
20 Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten
21 notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled
22 checks and check registers, bank statements, appointment books, computer records, and other
23 data compilations from which information can be obtained and translated.  A draft or non-
24 identical copy is a separate document within the meaning of the term.
25      8.     **"Food"** and **"drug"** have the meanings set forth in Section 15 of the Federal

4



1  Trade Commission Act, 15 U.S.C. § 55.

2      9.    "**FTC**" or "**Commission**" means Federal Trade Commission.

3      10.   "**Including**" means "including without limitation."

4      11.   "**Individual Defendant**" or "**Smith**" means defendant Johnnie Smith.

5      12.   "**Material**" means likely to affect a person's choice of, or conduct regarding, any
6  goods or services.

7      13.   "**Negative-option program**" means any plan, arrangement, or system under
8  which a consumer's silence or failure to take affirmative action to reject products or services or
9  to cancel the agreement is interpreted by the seller as acceptance of the offer.

10      14.   "**Person**" means a natural person, an organization or other legal entity, including
11  a corporation, partnership, sole proprietorship, limited liability company, association,
12  cooperative, or any other group or combination acting as an entity.

13      15.   "**Preauthorized electronic fund transfer**" means an electronic fund transfer
14  authorized in advance to recur at substantially regular intervals.

15      16.   "*Receiver*" means Robb Evans & Associates LLC, the permanent receiver
16  appointed by the Court in this action over G.S. Properties Investments, Inc.

17      17.   "**Vantex Corporate Defendants**" means Pink LP; Vantex Group, LLC; Vertek
18  Group, LLC; Juliette M. Kimoto Asset Protection Trust; and their successors and assigns.

19                                   **I.**

20  **BAN ON MARKETING OR SALE OF**

21  **GRANT-RELATED PRODUCTS AND SERVICES**

22      **IT IS THEREFORE ORDERED** that Individual Defendant, whether acting directly or
23  through any other person, officer, agent, servant, employee, sole proprietorship, partnership,
24  corporation, limited liability company, subsidiary, division, branch, trust, other entity or device,
25  is permanently restrained and enjoined from:



A.     Advertising, marketing, promoting, offering for sale, or selling any product or service, including a plan, program, or membership, that is represented, directly or by implication, to assist a consumer in any manner in obtaining a grant or other financial assistance from the government or any other source;

B.     Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any product or service, including a plan, program, or membership, that is represented, directly or by implication, to assist a consumer in any manner in obtaining a grant or other financial assistance from the government or any other source; and

C.     Holding any ownership interest, share, or stock in any business that engages in or assists in advertising, marketing, promoting, offering for sale, or selling any product or service, including a plan, program, or membership, that is represented, directly or by implication, to assist a consumer in any manner in obtaining a grant or other financial assistance from the government or any other source.

## II.

## BAN ON MARKETING OR SALE OF CREDIT-RELATED PRODUCTS

**IT IS FURTHER ORDERED** that Individual Defendant, whether acting directly or through any other person, officer, agent, servant, employee, sole proprietorship, partnership, corporation, limited liability company, subsidiary, division, branch, trust, other entity or device, is permanently restrained and enjoined from:

A.     Advertising, marketing, promoting, offering for sale, or selling any credit card, line of credit, loan, or any other product or service, including a plan, program, or membership, that is represented, directly or by implication, to extend credit or financing to a consumer;

B.     Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any credit card, line of credit, loan, or any other product or service, including a plan, program, or membership, that is represented, directly or by implication, to extend credit or

6



1    financing to a consumer; and

2          C.      Holding any ownership interest, share, or stock in any business that engages in or

3    assists in advertising, marketing, promoting, offering for sale, or selling any credit card, line of

4    credit, loan, or any other product or service, including a plan, program, or membership, that is

5    represented, directly or by implication, to extend credit or financing to a consumer; *provided,*

6    *however,* this prohibition shall not apply to any publicly-traded company in which Individual

7    Defendant owns one (1) percent or less of the outstanding common shares.

8 **III.**

9 **BAN ON MARKETING OR SALE OF**

10 **WORK-FROM-HOME AND BUSINESS OPPORTUNITIES**

11        **IT IS FURTHER ORDERED** that Individual Defendant, whether acting directly or

12    through any other person, officer, agent, servant, employee, sole proprietorship, partnership,

13    corporation, limited liability company, subsidiary, division, branch, trust, other entity or device,

14    is permanently restrained and enjoined from:

15          A.      Advertising, marketing, promoting, offering for sale, or selling any product or

16    service, including a plan, program or membership, that is represented, directly or by implication,

17    to a consumer as a work-from-home opportunity, business opportunity, franchise, or other

18    opportunity to earn income other than as an employee, independent contractor or vendor of

19    Individual Defendant.

20          B.      Assisting others engaged in advertising, marketing, promoting, offering for sale,

21    or selling any product or service, including a plan, program or membership, that is represented,

22    directly or by implication, to a consumer as a work-from-home opportunity, business

23    opportunity, franchise, or other opportunity to earn income other than as an employee,

24    independent contractor or vendor of Individual Defendant; and

25          C.      Holding any ownership interest, share, or stock in any business that engages in or

7



1    assists in advertising, marketing, promoting, offering for sale, or selling any product or service,

2    including a plan, program or membership, that is represented, directly or by implication, to a

3    consumer as a work-from-home opportunity, business opportunity, franchise, or other

4    opportunity to earn income other than as an employee, independent contractor or vendor of the

5    Individual Defendant; *provided, however*, this prohibition shall not apply to any publicly-traded

6    company in which Individual Defendant owns one (1) percent or less of the outstanding common

7    shares.

8                                                   **IV.**

9                               **BAN ON MARKETING OR SALE OF**

10                   **DIETARY SUPPLEMENTS AND NUTRACEUTICALS**

11             **IT IS FURTHER ORDERED** that Individual Defendant, whether acting directly or

12   through any other person, officer, agent, servant, employee, sole proprietorship, partnership,

13   corporation, limited liability company, subsidiary, division, branch, trust, other entity or device,

14   is permanently restrained and enjoined from:

15             A.       Advertising, marketing, promoting, offering for sale, or selling any dietary

16   supplement, nutraceutical, or any other product that is not represented to be used as a

17   conventional food and is represented, directly or by implication, to assist a consumer in losing

18   weight, colon cleansing, building muscle, gaining energy, diminishing fatigue, or slowing down

19   the aging process;

20             B.       Assisting others engaged in advertising, marketing, promoting, offering for sale,

21   or selling any dietary supplement, nutraceutical, or any other product that is not represented to be

22   used as a conventional food and is represented, directly or by implication, to assist a consumer in

23   losing weight, colon cleansing, building muscle, gaining energy, diminishing fatigue, or slowing

24   down the aging process; and

25             C.       Holding any ownership interest, share, or stock in any business that engages in or



assists in advertising, marketing, promoting, offering for sale, or selling any dietary supplement, nutraceutical, or any other product that is not represented to be used as a conventional food and is represented, directly or by implication, to assist a consumer in losing weight, colon cleansing, building muscle, gaining energy, diminishing fatigue, or slowing down the aging process; *provided, however*, this prohibition shall not apply to any publicly-traded company in which Individual Defendant owns one (1) percent or less of the outstanding common shares.

**V.**

**BAN ON CONTINUITY PROGRAMS AND**

**NEGATIVE-OPTION MARKETING**

**IT IS FURTHER ORDERED** that Individual Defendant, whether acting directly or through any other person, officer, agent, servant, employee, sole proprietorship, partnership, corporation, limited liability company, subsidiary, division, branch, trust, other entity or device, is permanently restrained and enjoined from:

  A. Advertising, marketing, promoting, offering for sale, or selling any product or service in which consumers will be entered into a Continuity program or a Negative-option program;

  B. Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any product or service in which consumers will be entered into a Continuity program or a Negative-option program; and

  C. Holding any ownership interest, share, or stock in any business that engages in or assists in advertising, marketing, promoting, offering for sale, or selling any product or service in which consumers will be entered into a Continuity program or a Negative-option program; *provided, however*, this prohibition shall not apply to any publicly-traded company in which Individual Defendant owns one (1) percent or less of the outstanding common shares.



## VI.

### BAN ON PREAUTHORIZED ELECTRONIC FUND TRANSFERS

**IT IS FURTHER ORDERED** that Individual Defendant, whether acting directly or through any other person, officer, agent, servant, employee, sole proprietorship, partnership, corporation, limited liability company, subsidiary, division, branch, trust, other entity or device, is permanently restrained and enjoined from:

      A.     Taking payment from consumers by preauthorized electronic fund transfer;

      B.     Assisting others engaged in taking payment from consumers by preauthorized electronic fund transfer; and

      C.     Holding any ownership interest, share, or stock in any business that takes payment from consumers by preauthorized electronic fund transfer; *provided, however*, this prohibition shall not apply to any publicly-traded company in which Individual Defendant owns one (1) percent or less of the outstanding common shares.

## VII.

### BAN ON USE OF TESTIMONIALS

**IT IS FURTHER ORDERED** that Individual Defendant, whether acting directly or through any other person, officer, agent, servant, employee, sole proprietorship, partnership, corporation, limited liability company, subsidiary, division, branch, trust, other entity or device, is permanently restrained and enjoined from using testimonials in connection with the advertising, marketing, promoting, offering for sale, or selling of any product or service.

## VIII.

### CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that Individual Defendant, whether acting directly or through any other person, officer, agent, servant, employee, sole proprietorship, partnership, corporation, limited liability company, subsidiary, division, branch, trust, other entity or device,



1   is permanently restrained and enjoined from:

2       A.    disclosing, using, or benefitting from customer information, including the name,

3   address, telephone number, email address, social security number, other identifying information,

4   or any data that enables access to a customer's account (including a credit card, bank account, or

5   other financial account), of any person that was obtained by Individual Defendant, G.S.

6   Properties Investments, Inc., or any Vantex Corporate Defendant in connection with the sale of

7   any product or service during the period from January 1, 2007, through the date of entry of this

8   Order; and

9       B.    failing to dispose of such customer information in all forms in their possession,

10  custody, or control within thirty (30) days after entry of this Order.  Disposal shall be by means

11  that protect against unauthorized access to the customer information, such as by burning,

12  pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to

13  ensure that the customer information cannot practicably be read or reconstructed. ***Provided,***

14  ***however,*** that customer information need not be disposed of, and may be disclosed, to the extent

15  requested by a government agency or required by a law, regulation, or court order.

16                      **IX.**

17                  **MONETARY RELIEF**

18      **IT IS FURTHER ORDERED** that:

19      A.    Judgment in the amount of twenty-nine million, nine-hundred sixteen thousand,

20  five hundred, thirty-three dollars and fifty-eight cents ($29,916,533.58) is entered in favor of the

21  FTC and against Smith jointly and severally with any other defendants found liable in this

22  matter;

23      B.    The monetary judgment set forth in Subsection A of this Section shall be

24  suspended upon Smith's compliance with this Order;

25      C.    Smith shall pay the FTC a total of forty-five thousand, dollars ($45,000.00);



D.      Prior to or concurrently with the execution of this Order by Smith, Smith shall cause $35,000.00 of the sum in Section IX.C to be transferred to the Federal Trade Commission, Financial Management Office, which shall hold the entire sum for no purpose other than payment to the FTC upon entry of this Order by the Court.

E.      Within one (1) business day of the entry of this Order, Smith shall cause the remaining $10,000 of the sum in Section IX.C. to be transferred to the Federal Trade Commission, Financial Management Office.

F.      To effect the surrender of the funds identified in Sections IX.C-E., the Court directs that Individual Defendant shall remit such funds to the Commission by certified check(s) or other guaranteed funds payable to the Federal Trade Commission, Financial Management Office, or by wire transfer in accordance with directions provided by counsel for the Commission.

G.      Individual Defendant relinquishes all dominion, control, and title to the assets surrendered or paid to the fullest extent permitted by law.  Individual Defendant shall make no claim to or demand return of these assets, directly or indirectly, through counsel or otherwise.

H.      Upon entry of this Order, any funds transferred or paid to the FTC pursuant to this Order shall be deposited into a fund administered by the Commission or its agents to be used for equitable relief, including, but not limited to, redress to consumers, and any attendant expenses for the administration of such equitable relief.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after the redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Individual Defendant's practices alleged in the Amended Complaint.  Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement.  Individual Defendant shall have no right to challenge the Commission's choice of remedies under this Section.



I.     Individual Defendant shall have no right to contest the manner of distribution chosen by the Commission.  No portion of any payment under the Judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

J.     Individual Defendant agrees that the facts as alleged in the Amended Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including, but not limited to, a nondischargeability complaint in any bankruptcy case.  Individual Defendant further stipulates and agrees that the facts alleged in the Complaint establish all elements necessary to sustain an action pursuant to, and that this Order shall have collateral estoppel effect for purposes of Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A).

K.     In accordance with 31 U.S.C. § 7701, Individual Defendant is hereby required, unless he has done so already, to furnish to the Commission their taxpayer identifying numbers and/or social security numbers, which shall be used for the purposes of collecting and reporting on any delinquent amount arising out of Individual Defendant's relationship with the government.

L.     Individual Defendants agrees that he will not, whether acting directly or through any corporation, partnership, subsidiary, division, trade name, device, or other entity, submit to any federal or state tax authority any return, amended return, or other official document that takes a deduction for, or seeks a tax refund or other favorable treatment for, any payment by Individual Defendant pursuant to this Order.  Individual Defendant further agrees that he will not seek a credit or refund of any kind for federal or state taxes or penalties for tax years 2004 to 2010.  However, if Individual Defendant otherwise obtains a credit or refund of any federal or state taxes or penalties paid for tax years 2004 to 2010, then Individual Defendant shall promptly pay the Commission the amount of such credit or refund, together with any interest Individual



1 | Defendant earned in connection with any such credit or refund.

2 | ### X.

3 | ### COOPERATION WITH FTC COUNSEL

4 | **IT IS FURTHER ORDERED** that Individual Defendant shall, in connection with this

5 | action or any subsequent investigations related to or associated with the transactions or the

6 | occurrences that are the subject of the FTC's Amended Complaint, cooperate in good faith with

7 | the FTC and appear, or cause his employees, representatives, or agents to appear, at such places

8 | and times as the FTC shall reasonably request, after written notice, for interviews, conferences,

9 | pretrial discovery, review of documents, and for such other matters as may be reasonably

10 | requested by the FTC.  If requested in writing by the FTC, Individual Defendant shall appear, or

11 | cause their officers, employees, representatives, or agents to appear, and provide truthful

12 | testimony in any trial, deposition, or other proceeding related to or associated with the

13 | transactions or the occurrences that are the subject of the Amended Complaint, without the

14 | service of a subpoena.

15 | ### XI.

16 | ### RIGHT TO REOPEN

17 | **IT IS FURTHER ORDERED** that:

18 | A.      The Commission's agreement to, and the Court's approval of, this Order,

19 | including, but not limited to, the suspension of the monetary judgment against Individual

20 | Defendant, is expressly premised upon the truthfulness, accuracy, and completeness of Johnnie

21 | Smith's financial condition, as represented in the Individual Financial Statement signed by

22 | Johnnie Smith, and dated June 21, 2010, including all attachments and supplemental materials,

23 | and copies of tax returns for Johnnie Smith (collectively the "Smith Financial Representations"),

24 | all of which the Commission relied upon in negotiating and agreeing to the terms of this Order.

25 | Johnnie Smith expressly represents that the Smith Financial Representations truthfully,

14



accurately, and completely represent his financial condition as of the date he stipulated to and signed this Order.

B.      If, upon motion by the Commission to the Court, the Court finds that Individual Defendant, in any of the above-referenced materials, including the Smith Financial Representations, or during any deposition, failed to disclose any asset, materially misrepresented the value of any asset, or made any other material misrepresentation or omission, monetary judgment will be entered against Individual Defendant in favor of the FTC, in the amount of twenty-nine million, nine-hundred sixteen thousand, five hundred, thirty-three dollars and fifty-eight cents ($29,916,533.58), which is the amount of injury suffered by consumers, all of which will become immediately due and payable, less any payments already made.

*Provided, however*, that in all other respects, this Order shall remain in full force and effect, unless otherwise ordered by the Court; and,

*Provided further*, that proceedings initiated under this provision would be in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any proceedings that the Commission may initiate to enforce this Order.  For purposes of this Section, Individual Defendant waives the right to contest any of the allegations in the Amended Complaint.

## XII.

## LIMITED LIFTING OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze of Individual Defendant's assets set forth in the Preliminary Injunction Order As to Defendants Michael L. Henriksen, Jr., Tasha Jn Paul, Kyle Kimoto, and Johnnie Smith [D.E. 165], entered by this Court on June 17, 2010, shall be lifted to the extent necessary to turn over Individual Defendant's assets as required by Section IX of this Order, and upon completion of the turn-over, shall be lifted permanently only as to Individual Defendant.



## XIII.

### COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of (i) monitoring and investigating compliance with any provision of this Order, and (ii) investigating the accuracy of the Smith Financial Representations upon which the Commission's agreement to this Order is expressly premised:

    A.     Within ten (10) days of receipt of written notice from a representative of the Commission, Individual Defendant shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in Individual Defendant's possession or direct or indirect control to inspect the business operation;

    B.     In addition, the Commission is authorized to use all other lawful means, including but not limited to:

        1.     obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

        2.     having its representatives pose as consumers and suppliers to any entity managed or controlled in whole or in part by Individual Defendant, without the necessity of identification or prior notice; and

    C.     Individual Defendant shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

*Provided however,* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or



16

deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## XIV.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.   For a period of five (5) years from the date of entry of this Order,

    1.   The Individual Defendant shall notify the Commission of the following:

        a)   Any changes in the Individual Defendant's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

        b)   Any changes in the Individual Defendant's employment status (including self-employment), and any change in his ownership in any business entity within ten (10) days of the date of such change. Such notice shall include the name and address of each business that he is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of his duties and responsibilities in connection with the business or employment; and

        c)   Any changes in the Individual Defendant's name or use of any aliases or fictitious names within ten (10) days of the date of such change;

    2.   The Individual Defendant shall notify the Commission of any changes in structure of any business entity that the Individual Defendant directly or indirectly controls, or



has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any such change in the business entity about which the Individual Defendant learns less than thirty (30) days prior to the date such action is to take place, the Individual Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.     One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of five (5) years, the Individual Defendant shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which he complied and is complying with this Order.  This report shall include, but not be limited to,

1.     The Individual Defendant's then-current residence address, mailing addresses, and telephone numbers;

2.     The Individual Defendant's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that Individual Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of Individual Defendant's duties and responsibilities in connection with the business or employment;

3.     Any other changes required to be reported under Subsection A of this Section; and

4.     A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order."

C.     Individual Defendant shall notify the Commission of the filing of a bankruptcy petition by such Defendant within fifteen (15) days of filing.



18

D.      For the purposes of this Order, Individual Defendant shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission, to the following address:

        Associate Director for Enforcement

        Bureau of Consumer Protection

        Federal Trade Commission

        600 Pennsylvania Avenue, N.W.

        Washington, D.C. 20580

        RE:     *FTC v. Grant Connect, et al., 2:09-CV-01349-PMP-RJJ*

*Provided* that, in lieu of overnight courier, Individual Defendant may send such reports or notifications by first-class mail, but only if Individual Defendant contemporaneously sends an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

E.      For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Individual Defendant.

## XV.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, Individual Defendant for any business for which he is the majority owner or directly or indirectly controls, is hereby restrained and enjoined from failing to create and retain the following records:

A.      Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.      Personnel records accurately reflecting:  the name, address, and telephone number of each person employed in any capacity by such business, including as an independent



19

1   contractor; that person's job title or position; the date upon which the person commenced work;

2   and the date and reason for the person's termination, if applicable;

3          C.       Customer files containing the names, addresses, phone numbers, dollar amounts

4   paid, quantity of items or services purchased, and description of items or services purchased, to

5   the extent such information is obtained in the ordinary course of business;

6          D.       Complaints and refund requests (whether received directly or indirectly, such as

7   through a third party,) and any responses to those complaints or requests;

8          E.       Copies of all sales scripts, training materials, advertisements, or other marketing

9   materials; and

10         F.       All records and documents necessary to demonstrate full compliance with each

11  provision of this Order, including but not limited to, copies of acknowledgments of receipt of

12  this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of

13  Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled

14  "Compliance Reporting."

15                                                    **XVI.**

16                               **DISTRIBUTION OF ORDER**

17      **IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry

18  of this Order, the Individual Defendant shall deliver copies of the Order as directed below:

19         A.       Individual Defendant as control person:  For any business that the Individual

20  Defendant controls, directly or indirectly, or in which such Individual Defendant has a majority

21  ownership interest, the Individual Defendant must deliver a copy of this Order to (1) all

22  principals, officers, directors, and managers of that business; (2) all employees, agents, and

23  representatives of that business who engage in conduct related to the subject matter of the Order;

24  and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of

25  the Section XVII titled "Compliance Reporting."  For current personnel, delivery shall be within



1  five (5) days of entry of this Order.  For new personnel, delivery shall occur prior to them

2  assuming their responsibilities.  For any business entity resulting from any change in structure

3  set forth in Section XVII.A.2, delivery shall be at least ten (10) days prior to the change in

4  structure.

5       B.     The Individual Defendant must secure a signed and dated statement

6  acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons

7  receiving a copy of the Order pursuant to this Section.

8                                  **XVII.**

9             **ACKNOWLEDGMENT OF RECEIPT OF ORDER**

10       **IT IS FURTHER ORDERED** that Individual Defendant, within five (5) business days

11  of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn

12  statement acknowledging receipt of this Order.

13                                  **XVIII.**

14                 **RETENTION OF JURISDICTION**

15       **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

16  purposes of construction, modification, and enforcement of this Order.

17

18                      **IT IS SO ORDERED:**

19

20                      _____

21                      The Honorable Philip M. Pro
                    UNITED STATES DISTRICT JUDGE

22                      DATED: _ June 10, 2011

23

24

25



1    **IT IS SO STIPULATED:**

2

3    Roberto Anguizola                    Johnnie Smith

4    Tracey Thomas
     Dotan Weinman
5    Federal Trade Commission
     600 Pennsylvania Avenue, NW, H-286
6    Washington, DC 20580
     Telephone: (202) 326-3284 (Anguizola)
7                (202) 326-2704 (Thomas)
                 (202) 326-3049 (Weinman)
8    E-mail: ranguizola@ftc.gov
9            tthomas@ftc.gov
             dweinman@ftc.gov
10   Facsimile: (202) 326-3395
11   **Attorneys for Plaintiff Federal Trade**
     **Commission**
12

13

14   Jason J. Bach
     The Bach Law Firm, LLC
15   6053 S. Ft. Apache Rd., Suite 130
     Las Vegas, Nevada 89148
16   Tel: 702-925-8787
     Email: jbach@bachlawfirm.com
17   **Attorney for Defendant Johnnie Smith**

18

19

20

21

22

23

24

25